Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Morales Ruiz, an individual, for herself and on behalf of and as pending Personal Representative of The Estate of Alexander Chavez; Alex George Chavez, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>County of Maricopa, a governmental entity; Brandon Smith and Jane Doe Smith; Paul Penzone and Jane Doe Penzone; David Crutchfield, an individual; Lisa Struble, an individual; Kyle Moody and Jane Doe Moody; Arturo Dimas and Jane Doe Dimas; Tyler Park and Jane Doe Park; Gerardo Magat and Jane Doe Magat; Daniel Hawkins Jr. and Jane Doe Hawkins; Javier Montano and Jane Doe Montano; James Dailey and Jane Doe Dailey; Trevor Martin and Jane Doe Martin; Greggory Hertig and Jane Doe Hertig; John Chester and Jane Doe Chester; Jorge Espinosa Jr. and Jane Doe Espinosa; Morgan Rainey and John Doe Rainey; Stefanie Marsland and John Doe Marsland; and, John and Jane Does 1-40,<br><br>Defendants. | No.: CV-23-02482-PHX-SRB (DMF)<br><br>**PLAINTIFFS' MOTION TO EXTEND TIME TO SERVE DEFENDANTS MAGAT, DAILEY, AND ESPINOSA WITH PROCESS**<br><br>(Assigned to the Honorable Susan R. Bolton and referred to the Honorable Deborah M. Fine) |

Through counsel undersigned and pursuant to Federal Rule of Civil Procedure 4(m), Plaintiffs Debra Morales Ruiz – for herself, and on behalf of and as pending Personal Representative of The Estate of, Alexander Chavez – and Alex George Chavez (collectively, "Plaintiffs") hereby move for an additional, and relatively brief, thirty (30) day period within which to serve Defendants Gerardo and Jane Doe Magat, James and Jane Doe Dailey, and Jorge (Jr.) and Jane Doe Espinosa (collectively, the "Unserved Defendants") with process, in accordance with the Proposed Order submitted concurrently herewith. Because good cause exists for, and the Unserved Defendants will not be prejudiced by, the issuance of such order, the Court should exercise the broad discretion it possesses to grant the requested relief. This Motion is supported by the relevant parts of the record in this matter and the Memorandum of Points and Authorities below.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   RELEVANT BACKGROUND FACTS**

Plaintiffs originally filed this action in Arizona state court on August 8, 2023. Compl. at 1, ECF No. 1-1. Plaintiffs were ultimately able to serve every Defendant named in their original Complaint except for the Unserved Defendants, because those Defendants were no longer active with the Maricopa County Sheriff's Department. On November 29, 2023, the served Defendants removed this action to this Court. Notice of Removal, ECF No. 1.

On January 19, 2024, this Court issued an Order containing a handful of rulings, one of those being:

> [i]f Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90

2

days of the filing of the Notice of Removal or within 60 days of the filing of this Order, *whichever is later*, the action may be dismissed as to each Defendant not served.

Order 2:21-24, ECF No. 3 (emphasis added) (citing Fed. R. Civ. P. 4(m)). Because sixty (60) days from that Order was a later date than ninety (90) days from the Notice of Removal, Plaintiffs thus had until up to and including March 19, 2024 to serve the Unserved Defendants. Unfortunately, because Plaintiffs' counsel's paralegal inadvertently failed to calendar that deadline, it passed, and the Unserved Defendants remained Unserved.

## II.  LEGAL ARGUMENT

"Rule 4(m) of the Federal Rules of Civil Procedure provides that 'if the plaintiff shows good cause for the failure [to serve], the court *must* extend the time for service for an appropriate period.'" *MLB Sales Inc. v. Rk Gems LLC*, No. CV-23-01526-PHX-DWL, at *3 (D. Ariz. Nov. 30, 2023) (emphasis added) (quoting Fed. R. Civ. P. 4(m)). Here, good cause exists for an additional thirty (30) days for Plaintiffs to serve the Unserved Defendants because of the unfortunate and inadvertent failure of counsel's paralegal to calendar the service deadline.

Nevertheless, even if such failure does not constitute good cause to extend the deadline, "District courts also have '*broad*' . . . discretion to extend the service deadline '*even in the absence of good cause*.'" *MLB Sales Inc. v. Rk Gems LLC*, No. CV-23-01526-PHX-DWL, at *3 (D. Ariz. Nov. 30, 2023) (emphasis added) (quoting *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007)); *Arellano v. San Luis*, No. CV-16-03423-PHX-DGC, at *7 (D. Ariz. May 8, 2017) ("[E]ven without a showing of good cause, a district court

3

may utilize its broad discretion to extend the time for service." (quoting *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004))); *see also Dimitrov v. Stavatti Aerospace Ltd.*, No. CV-23-00226-PHX-DJH, at *2 (D. Ariz. Oct. 12, 2023) ("District courts enjoy broad discretion when making extension decisions under Rule 4(m)." (citing *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001))).

In considering an extension request under Rule 4(m), Courts consider whether the extension would cause prejudice to defendant(s). *Efaw*, 473 F.3d at 1041. Here, there is absolutely no evidence, or reason to believe, that the Unserved Defendants would incur prejudice from the brief additional period requested. As noted above, the service deadline was March 19, 2024 – only a month ago. Should the Court act promptly in granting the thirty (30) days Plaintiffs request, that service deadline would likely be extended by no more than three (3) months total. The notion that a mere three (3) month delay in service would prejudice the Unserved Defendants strains credulity.

### III.   CONCLUSION

Ultimately, "[c]ourts should give the Rule 4 provisions a liberal and flexible construction." *Pearson v. GEO Grp. Inc.*, No. CV-16-03094-PHX-DGC (BSB), at *5 (D. Ariz. Mar. 19, 2018) (citing *Borzeka v. Heckler*, 739 F.2d 444, 446-48 (9th Cir. 1984)). Here, utilizing a liberal and flexible construction of Rule 4, and in the interests of justice, judicial efficiency, and a resolution on the merits, this Court should utilize the broad discretion it possesses to grant Plaintiffs an additional and relatively brief thirty (30) day period within which to serve the Unserved Defendants, in accordance with the Proposed Order filed concurrently herewith.

**RESPECTFULLY SUBMITTED** this 24th day of April 2024.

                              **MILLS + WOODS LAW, PLLC**

                              By   */s/ Sean A. Woods*
                                      Robert T. Mills
                                      Sean A. Woods
                                      5055 N 12th Street, Suite 101
                                      Phoenix, AZ 85014
                                      *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Courtney R. Glynn
glynnc@mcao.maricopa.gov
Michael E. Gottfried
gottfrim@mcao.maricopa.gov
**RACHEL H. MITCHELL**
**MARICOPA COUNTY ATTORNEY**
CIVIL SERVICES DIVISION
225 W Madison St.
Phoenix, AZ 85003
*Attorneys for Maricopa County, Dimas, Hawkins, Hertig, Martin, Montano, Moody, Park, Smith, Chester, Rainey, and Marsland and the Maricopa County Sheriff*

      */s/ Ben Dangerfield*