Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014-2555
480.999.4556

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Debra Morales Ruiz, an individual, for herself and on behalf of and as pending Personal Representative of The Estate of Alexander Chavez; Alex George Chavez, an individual,

Plaintiffs,

vs.

County of Maricopa, a governmental entity; Brandon Smith and Jane Doe Smith; Paul Penzone and Jane Doe Penzone; David Crutchfield, an individual; Lisa Struble, an individual; Kyle Moody and Jane Doe Moody; Arturo Dimas and Jane Doe Dimas; Tyler Park and Jane Doe Park; Gerardo Magat and Jane Doe Magat; Daniel Hawkins Jr. and Jane Doe Hawkins; Javier Montano and Jane Doe Montano; James Dailey and Jane Doe Dailey; Trevor Martin and Jane Doe Martin; Greggory Hertig and Jane Doe Hertig; John Chester and Jane Doe Chester; Jorge Espinosa Jr. and Jane Doe Espinosa; Morgan Rainey and John Doe Rainey; Stefanie Marsland and John Doe Marsland; and, John and Jane Does 1-40,

Defendants.

No.: CV-23-02482-PHX-SRB (DMF)

**PLAINTIFFS' MOTION TO EXTEND TIME TO SERVE DEFENDANTS ESPINOSA WITH PROCESS, AND TO DO SO VIA PUBLICATION**

(Assigned to the Honorable Susan R. Bolton and referred to the Honorable Deborah M. Fine)

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

Through counsel undersigned and pursuant to Federal Rule of Civil Procedure 4, Plaintiffs Debra Morales Ruiz, The Estate of Alexander Chavez, and Alex George Chavez (collectively, "Plaintiffs") hereby move to extend the time period within which they may serve Defendants Jorge Espinosa Jr. and Jane Doe Espinosa ("Defendants Espinosa") with process by forty-five (45) days, and to be permitted to do so via publication, in accordance with the Proposed Order submitted concurrently herewith. This Motion is supported by the relevant parts of the record in this matter, the Declaration of Sean A. Woods attached as "**Exhibit 1**" hereto, and the Memorandum of Points and Authorities below.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT FACTS

Plaintiffs originally filed this action in Arizona state court on August 8, 2023. Compl. at 1, ECF No. 1-1. Plaintiffs were ultimately able to serve every Defendant named in their original Complaint except for Defendants Gerardo and Jane Doe Magat, James and Jane Doe Dailey, and Jorge (Jr.) and Jane Doe Espinosa (the "Ex-Employee Defendants"), because those Defendants were no longer active with the Maricopa County Sheriff's Department. On November 29, 2023, the served Defendants removed this action to this Court. Notice of Removal, ECF No. 1.

On April 4, 2024, Plaintiffs filed a motion seeking to extend the time to serve the Ex-Employee Defendants with process. Pls.' Mot. Extend Time Serve, ECF No. 17. The Court granted that Motion on April 25, 2024, extending the time for service by thirty (30) days. Order, ECF No. 18. That gave Plaintiffs until up to and including May 28, 2024 – the next business day after the Memorial Day federal holiday – to serve the Ex-Employee

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

Defendants. Plaintiffs were able to locate and serve Gerardo Magat, Jane Doe (Ina) Magat, James Dailey, and Jane Doe (Shawna) Dailey during that period. Certificates of Service, ECF Nos. 21-24.

However, Plaintiffs were unable to serve Defendants Espinosa with process during that period because they were unable to determine their location. Unfortunately, because "Jorge Espinosa" is an extremely common name in the Phoenix area, Plaintiffs' background checks and other standard search methods were not successful in locating them. *See* **Ex. 1**. Thus, they remain unserved.

## II. LEGAL ARGUMENT

### A. The Court *Must*, Or at Least *Should*, Extend the Time to Serve Defendants Espinosa With Process.

"Rule 4(m) of the Federal Rules of Civil Procedure provides that 'if the plaintiff shows good cause for the failure [to serve], the court *must* extend the time for service for an appropriate period.'" *MLB Sales Inc. v. Rk Gems LLC*, No. CV-23-01526-PHX-DWL, at *3 (D. Ariz. Nov. 30, 2023) (emphasis added) (quoting Fed. R. Civ. P. 4(m)). Here, good cause exists to extend the time for service because Plaintiffs have been unable to locate an address for Defendants Espinosa, despite background checks and utilization of their normal search methods, as a result of "Jorge Espinosa" being an extremely common name in the Phoenix area. *See* **Ex. 1**.

Nevertheless, even if good cause does *not* exist for an extension (and it certainly does), "District courts also have '*broad*' . . . discretion to extend the service deadline '*even in the absence of good cause*.'" *MLB Sales*, No. CV-23-01526-PHX-DWL, at *3 (emphasis added) (quoting *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007));

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

*Arellano v. San Luis*, No. CV-16-03423-PHX-DGC, at *7 (D. Ariz. May 8, 2017) ("[E]ven without a showing of good cause, a district court may utilize its broad discretion to extend the time for service." (quoting *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004))); *see also Dimitrov v. Stavatti Aerospace Ltd.*, No. CV-23-00226-PHX-DJH, at *2 (D. Ariz. Oct. 12, 2023) ("District courts enjoy broad discretion when making extension decisions under Rule 4(m)." (citing *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001))).

In considering a discretionary extension request under Rule 4(m), Courts consider whether the extension would cause prejudice to defendant(s). *Efaw*, 473 F.3d at 1041. Here, there is absolutely no evidence, or reason to believe, that Defendants Espinosa would incur prejudice from an additional forty-five (45) day period.

**B. Because Accomplishing Personal Service on Defendants Espinosa, Including Alternative Service, is Impracticable, Plaintiffs Should be Permitted to Serve Them Via Publication.**

Under the Federal Rules of Civil Procedure, individual Defendants may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). Thus, Defendants Espinosa may be served pursuant to the Arizona Rules of Civil Procedure. Pursuant to those rules, "[i]f a party shows that the service provided by Rule 4.1(c) through 4.1(k) – including an alternative means of service – is impracticable, the court may . . . order that service be accomplished by publication." Ariz. R. Civ. P. 4.1(l)(1). Of Rules 4.1(c) through 4.1(k), only Rules 4.1(d) (governing personal service) and 4.1(k) (governing alternative service) are applicable here, and both methods of service are impracticable here because Plaintiffs have been unable, despite diligent searching

(including background checks) to find a location where Defendants Espinosa may be served. *See* **Ex. 1**. Therefore, service by publication, while not ideal, is nevertheless "the best means practicable in the circumstances for providing [Defendants Espinosa] with notice of the action's commencement . . . ." Ariz. R. Civ. P. 4.1(l)(1)(B).

## III. CONCLUSION

Ultimately, "[c]ourts should give the Rule 4 provisions a liberal and flexible construction." *Pearson v. GEO Grp. Inc.*, No. CV-16-03094-PHX-DGC (BSB), at *5 (D. Ariz. Mar. 19, 2018) (citing *Borzeka v. Heckler*, 739 F.2d 444, 446-48 (9th Cir. 1984)). Here, for all the foregoing reasons, the Court should extend the time period within which Plaintiffs may serve Defendants Espinosa with process, and to do so via publication. Because service by publication is not complete until thirty (30) days after the date of first publication, Ariz. R. Civ. P. 4.1(l)(2)(D), Plaintiffs should be granted an additional forty-five (45) days within which to serve them with process via publication, all in accordance with the Proposed Order submitted concurrently herewith.

**RESPECTFULLY SUBMITTED** this 29th day of May 2024.

**MILLS + WOODS LAW, PLLC**

By *__/s/ Sean A. Woods__*
Robert T. Mills
Sean A. Woods
5055 N 12th Street, Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Courtney R. Glynn
glynnc@mcao.maricopa.gov
Michael E. Gottfried
gottfrim@mcao.maricopa.gov
**RACHEL H. MITCHELL**
**MARICOPA COUNTY ATTORNEY**
CIVIL SERVICES DIVISION
judith.ezeh@mcao.maricopa.gov
rojass@mcao.maricopa.gov
christij@mcao.maricopa.gov
rita.kleinman@mcao.maricopa.gov
225 W Madison St.
Phoenix, AZ 85003
*Attorneys for Maricopa County, Dimas, Hawkins, Hertig, Martin, Montano, Moody, Park, Smith, Chester, Rainey, and Marsland and the Maricopa County Sheriff*

*/s/ Ben Dangerfield*