Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Morales Ruiz, an individual, for herself and on behalf of and as pending Personal Representative of The Estate of Alexander Chavez; Alex George Chavez, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>County of Maricopa, a governmental entity; Brandon Smith and Jane Doe Smith; Paul Penzone and Jane Doe Penzone; David Crutchfield, an individual; Lisa Struble, an individual; Kyle Moody and Jane Doe Moody; Arturo Dimas and Jane Doe Dimas; Tyler Park and Jane Doe Park; Gerardo Magat and Jane Doe Magat; Daniel Hawkins Jr. and Jane Doe Hawkins; Javier Montano and Jane Doe Montano; James Dailey and Jane Doe Dailey; Trevor Martin and Jane Doe Martin; Greggory Hertig and Jane Doe Hertig; John Chester and Jane Doe Chester; Jorge Espinosa Jr. and Jane Doe Espinosa; Morgan Rainey and John Doe Rainey; Stefanie Marsland and John Doe Marsland; and, John and Jane Does 1-40,<br><br>Defendants. | No.: CV-23-02482-PHX-SRB (DMF)<br><br>**PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER PARTIALLY GRANTING DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>(Assigned to the Honorable Susan R. Bolton and referred to the Honorable Deborah M. Fine) |

Through counsel undersigned and pursuant to Rule 7.2(g) of the Local Rules of Civil Procedure, Plaintiffs hereby respectfully move for reconsideration of the Court's Order partially granting Defendants' Motion to Dismiss Second Amended Complaint ("SAC", Doc. 32) docketed at ECF No. 49 (the "Order").

## I. Introduction

It appears that this Court erred in its analysis of Defendant Maricopa County's liability. The Order overlooked the fact that Maricopa County is the proper party for purposes of employer liability under *respondeat superior* for the negligence of Correctional Health Services ("CHS") employees. Plaintiffs believe there may have been some confusion regarding the pleadings, motion to dismiss, response thereto, and reply in support of the motion to dismiss, and that Maricopa County being dismissed entirely as a party was a result of that confusion.

## II. Legal Standard

### a. Motions for Reconsideration

LRCiv 7.2(g)(1) states that "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). More specifically, the motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument

2

made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion. LRCiv 7.2(g)(1). Mere disagreement with an order is not a proper ground for a motion for reconsideration under LRCiv 7.2(g)(1). *See, e.g., Ariz. Dram Act Coal. V. Brewer*, 945 F. Supp. 2d 1049, 1078 (D. Ariz. 2013) ("mere disagreement with an order is an insufficient basis for reconsideration."), *reversed and remanded on other grounds*; *Ross v. Arpaio*, 2008 WL 1776502, at *2 (D. Ariz. Apr.15, 2008) (relying on the same principle).

### III.  Argument

The Court noted in the Order that Plaintiffs did not list either MCSO or CHS as a Defendant in its caption, nor did Plaintiffs argue that they should be Defendants in this matter. *Id.* at 4 n3. This is correct. Both MCSO and CHS are non-jural entities. The Sheriff is the proper party for purposes of employer liability for MCSO employees. *See, e.g., Ryan v. Napier*, 245 Ariz. 54, 58 ¶ 7 (2018) (recognizing that a claimant brought a vicarious liability claim against a sheriff predicated on his deputy's negligence); *McCutchen v. Hill*, 147 Ariz. 401, 404 (1985) (stating that a sheriff is "liable for the acts of his deputies . . . '[i]f the act from which the injury resulted was an official act'" (*quoting Chaudoin v. Fuller*, 67 Ariz. 144, 149-50 (1948))), *abrogated on other grounds by, Cal-Am Props. Inc. v. Edais Eng'g Inc.*, 253 Ariz. 78, 83 ¶ 18 n.1 (2022). Maricopa County is the proper party for purposes of employer liability for CHS employees. This District Court has held previously that:

> Defendant CHS is a subpart of Maricopa County, not a separate entity for purposes of suit. *Gotbaum v. City of Phx.*, 617 F.Supp.2d 878, 886 (D. Ariz. 2008); *see Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz.Ct.App. 2010)(county sheriff's office is a nonjural entity); *see also Vicente v. City of*

3

*Prescott*, 2012 WL 1438695, at *3(D. Ariz. 2012) (city fire department is a nonjural entity);*Wilson v. Yavapai Cty. Sheriff's Office*, 2012 WL 1067959, at *4 (D. Ariz. 2012) (county sheriff's office and county attorney's office are nonjural entities). Because Defendant CHS is not a separate entity, it is not capable of being separately sued. Thus, the Court will dismiss Defendant CHS.

*Gobea v. Penzone*, CV-24-00457-PHX-JAT (CDB) (D. Ariz. Apr 15, 2024).

Again, Plaintiffs do not dispute that CHS is not a proper Defendant. What Plaintiffs do dispute is the dismissal of Maricopa County as a party. This Court has agreed with this analysis in the past. Maricopa County is responsible for providing health care at county jails, A.R.S. §§11-251(8), 11-291(A), and Correctional Health Services is an administrative arm of Maricopa County. *Barrett v. Maricopa County Sheriff's Office*, 2010 WL 46786, *7 (D. Ariz. January 4, 2010) ("Health care in the jail is the responsibility of the County, and CHS is an administrative agency of Maricopa County created to carry out that statutory duty."). Plaintiffs have always alleged that Maricopa County is the proper Defendant for the employees of CHS under *respondeat superior*:

> Defendant Maricopa is vicariously liable under the principle of respondeat superior for the actions and inactions of the employees of, CHS, and any private contractors including those employees or contractors named as defendants in this action, as to any claims that are asserted by Plaintiffs as a result of violations of the Arizona Constitution and Arizona common law because, at all relevant times, those Defendants were acting within the course and scope of their employment or contract with CHS, or entities privately contracted with CHS.

SAC ¶ 30.

Plaintiffs also alleged that "Defendant Maricopa is a governmental entity that acts by and through its officials, employees and agents, including without limitation CHS, and

4

each of the Defendants Crutchfield, Struble, Chester, Espinosa, Rainey, and Marsland." SAC ¶ 11.

Plaintiffs' Count II, for Negligence/Gross Negligence, was pled against all Defendants, including employees of CHS. The Count states that "Defendants had a duty to assure the safety and well-being of Alexander Chavez while in their care, custody and control, *a duty that included, without limitation, providing proper, appropriate and timely medical care to Alexander Chavez*." SAC ¶ 201. (emphasis added).

The Count specifically references the failure to "*properly provide medical care, classify,* place, and watch Alexander Chavez, that would have saved Alexander Chavez' life". SAC ¶ 203 (emphasis added). That Count also alleges that "[a]dditionally, Defendant Maricopa is vicariously liable for the acts and omissions of their employees, including without limitation those employees listed herein as defendants". SAC ¶ 210. This may be part of the source of confusion that resulted in the error to dismiss Maricopa County. However, this comports with Plaintiffs' earlier allegation that Maricopa County is the proper Defendant for the employees of CHS. Plaintiffs further define the differences by also pleading that "[a]dditionally, the Sheriff – not the County – is responsible for the actions of MCSO employees. Accordingly, Penzone (now Skinner) is vicariously liable for the acts and omissions of MCSO employees, including without limitation those employees listed herein as defendants." SAC ¶ 215.

Thus, insofar as this Court believed that the SAC alleged that Maricopa County was liable under *respondeat superior* for the actions of MCSO's employees, the decision to dismiss Maricopa County under that theory would be correct. However, as discussed

5

herein, Plaintiffs specifically alleged and continue to allege that Maricopa County is the proper party for purposes of *respondeat superior* for the actions of CHS employees, and believe that this Court made a manifest error by dismissing Maricopa County entirely. Plaintiffs properly alleged why Maricopa County's liability exists for CHS employees.

### IV.    Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court grant the Motion for Reconsideration and reinstate Maricopa County as a proper defendant for the actions of CHS employees.

**RESPECTFULLY SUBMITTED** this 28th day of August 2025.

**MILLS + WOODS LAW, PLLC**

By   */s/ Sean A. Woods*
          Robert T. Mills
          Sean A. Woods
          5055 N 12th Street, Suite 101
          Phoenix, AZ 85014
          *Attorneys for Plaintiffs*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Courtney R. Glynn
glynnc@mcao.maricopa.gov
Michael E. Gottfried
gottfrim@mcao.maricopa.gov
**RACHEL H. MITCHELL**
**MARICOPA COUNTY ATTORNEY**
CIVIL SERVICES DIVISION
judith.ezeh@mcao.maricopa.gov
christij@mcao.maricopa.gov
rita.kleinman@mcao.maricopa.gov
scottr@mcao.maricopa.gov
225 W Madison St.
Phoenix, AZ 85003
*Attorneys for Maricopa County, Dimas, Hawkins, Hertig, Martin, Montano, Moody, Park, Smith, Chester, Rainey, Marsland, Struble, Crutchfield, Magat, Dailey, and the Maricopa County Sheriff*

         /s/ Ben Dangerfield