RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

BY:    COURTNEY R. GLYNN (023155)
       Deputy County Attorneys
       glynnc@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4316
MCAO Firm No. 00032000

*Attorneys for Struble, Crutchfield, Dimas, Hawkins, Hertig, Martin, Montano, Moody, Park, Smith, Chester, Rainey, Marsland, Magat, Dailey, Maricopa County Sheriff Russell Skinner, and former Maricopa County Sheriff Paul Penzone*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Morales Ruiz, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>Maricopa County of, et al.,<br><br>Defendants. | NO. CV-23-02482-PHX-SRB (DMF)<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants Struble, Crutchfield, Dimas, Hawkins, Hertig, Martin, Montano, Moody, Park, Smith, Chester, Rainey, Marsland, Magat, Dailey, Skinner, and Penzone ("Defendants") answer Plaintiffs' Second Amended Complaint ("SAC") by denying every allegation therein except as otherwise admitted or qualified as follows[1]:

## **INTRODUCTION**

1.    Defendants deny the allegations in Paragraph 1 for lack of sufficient information.

---

[1] On August 14, 2025, the Court dismissed Count I as to Defendant Crutchfield, Count II as against Defendant Maricopa County, and Counts III and IV in whole. As such, Maricopa County has been fully dismissed from this action. Doc. 49.

2.    Defendants admit that Alexander Chavez was booked into the Lower Buckeye Jail. Defendants deny any remaining allegations in Paragraph 2 for lack of sufficient information.

3.    Paragraph 3 is not directed toward Defendants and therefore no answer is required. To the extent an answer may be required, Defendants deny the same for lack of sufficient information.

4.    Paragraph 4 is not directed toward Defendants and therefore no answer is required. To the extent an answer may be required, Defendants deny the same for lack of sufficient information.

5.    Paragraph 5 is admitted.

6.    As to Paragraph 6, Defendants admit Mr. Chavez was booked into Maricopa County Jails on August 5, 2022.  Defendants further admit that he was later transported to the hospital on August 8, 2022.  Defendants deny the remaining allegations contained in Paragraph 6.

7.    Defendants admit that Mr. Chavez died on August 12, 2022.  Defendants deny any remaining allegations contained in Paragraph 7.

## THE PARTIES

8.    Defendants incorporate their answers to Paragraphs 1-7 above as though fully set forth herein.

9.    As to Paragraph 8, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation and, therefore, denies the same.

10.    As to Paragraph 9, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation and, therefore, denies the same.

11.    As to Paragraph 10, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation and, therefore, denies the same.

12.    As to Paragraph 11, Maricopa County is no longer a defendant in this matter.  As such, no answer to Paragraph 11 is required.[2]

13.    As to Paragraph 12, Defendants deny that CHS is a defendant and deny that CHS is a governmental entity.  Defendants admit that Crutchfield and Struble are defendants and employed with CHS.

14.    As to Paragraph 13, Defendants deny that then-Captain Brandon Smith was a captain of MCSO's "Detention Division".  Defendants deny that he was, at all times relevant to the SAC, tasked with the oversight of MCSO "detention centers."  Defendants further deny that he was, at all times relevant to the SAC, responsible for all policies and procedures promulgated by MCSO.

15.    As to Paragraph 14, Defendants deny that former Sheriff Paul Penzone is sued in his official capacity.  On April 10, 2025, Gerard Sheridan was substituted for Russell Skinner in his official capacity. (Doc. 48).  Defendants admit that former Sheriff Penzone was, at times relevant to the SAC, the Sheriff of Maricopa County. Defendants admit he had the responsibilities and duties bestowed upon him by Arizona Revised Statute § 11-441, *et seq*.  Defendants admit Sheriff Penzone remains in the lawsuit in his individual capacity.

16.    As to Paragraph 15, Defendants admit that then-Sheriff Penzone was operating as Maricopa County Sheriff at all times relevant to the SAC.

17.    As to Paragraph 16, Defendants admit that Defendant Moody is employed with the Maricopa County Sheriff's Office and was operating in such capacity at all times relevant to the SAC.

---

[2] See Doc. 49.

18.     As to Paragraph 17, Defendants admit that Defendant Dimas is employed with the Maricopa County Sheriff's Office and was operating in such capacity at all times relevant to the SAC.

19.     As to Paragraph 18, Defendants admit that Defendant Park is employed with the Maricopa County Sheriff's Office and was operating in such capacity at all times relevant to the SAC.

20.     As to Paragraph 19, Defendants admit that Defendant Magat was employed with the Maricopa County Sheriff's Office and was operating in such capacity at all times relevant to the SAC.

21.     As to Paragraph 20, Defendants admit that Defendant Hawkins is employed with the Maricopa County Sheriff's Office and was operating in such capacity at all times relevant to the SAC.

22.     As to Paragraph 21, Defendants admit that Defendant Dailey is employed with the Maricopa County Sheriff's Office and was operating in such capacity at all times relevant to the SAC.

23.     As to Paragraph 22, Defendants admit that Defendant Martin is employed with the Maricopa County Sheriff's Office and was operating in such capacity at all times relevant to the SAC.

24.     As to Paragraph 23, Defendants admit that Defendant Hertig is employed with the Maricopa County Sheriff's Office and was operating in such capacity at all times relevant to the SAC.

25.     As to Paragraph 24, Defendants admit that Defendant Chester is employed with the Maricopa County Sheriff's Office and was operating in such capacity at all times relevant to the SAC.

26. As to Paragraph 25, Defendants admit that Defendant Rainey is employed with the Maricopa County Sheriff's Office and was operating in such capacity at all times relevant to the SAC.

27. As to Paragraph 26, Defendants admit that Defendant Marsland is employed with the Maricopa County Sheriff's Office and was operating in such capacity at all times relevant to the SAC.

28. As to Paragraph 27, Defendants admit that Defendant Crutchfield was employed with Correctional Health Services as the Medical Director and was operating in such capacity at all times relevant to the SAC.

29. As to Paragraph 28, Defendants admit that Defendant Struble is employed with Correctional Health Services as the Director of CHS and was operating in such capacity at all times relevant to the SAC.

30. As to Paragraph 29, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

31. As to Paragraph 30, Maricopa County is no longer a Defendant in this action. As such, no response to Paragraph 30 is required.[3]

32. As to Paragraph 31, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

## JURISDICTION AND VENUE

33. Defendants incorporate their answers to Paragraphs 1-32 above as though fully set forth herein.

34. As to Paragraph 32, Defendants admit jurisdiction is proper. Defendnats deny violations of any applicable laws.

---

[3] *See* Doc. 49.

35.   Paragraph 33 is admitted.

36.   As to Paragraph 34, Defendants lack sufficient information to either admit or deny the allegations and therefore deny the same.

37.   As to Paragraph 35, Defendants admit jurisdiction is proper.

38.   As to Paragraph 36, Defendants admit venue is proper.

## FACTUAL ALLEGATIONS

39.   Defendants incorporate their answers to Paragraphs 1-38 above as though fully set forth herein.

40.   As to Paragraph 37, Defendants deny that Chavez was classified with a sub-classification of "Psychiatric" during the intake process.

41.   As to Paragraph 38, Defendants admit that Defendants Rainey conducted the intake interview with Chavez while Defendant Marsland conducted the intake document review for classification purposes.  Defendants deny any remaining allegations contained in Paragraph 38.

42.   As to Paragraph 39, Defendants admit Chavez was classified for housing in general population.  Defendants deny the addition of a "sub-classification" at the time of his intake interview and classification.

43.   Defendants deny the allegations contained in Paragraph 40 of the SAC.

## FIRST SUICIDE ATTEMPT

44.   Defendants incorporate their answers to Paragraphs 1-43 above as though fully set forth herein.

45.   As to Paragraph 41, Defendants admit Chavez was found to have ingested Fentanyl pills and that approximately 250 Fentanyl pills were found on his person.

Defendants are without sufficient information to admit or deny any remaining allegations and therefore deny the same.

46.    As to Paragraph 42, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

47.    As to Paragraph 43, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

48.    As to Paragraph 44, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

49.    As to Paragraph 45, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

50.    Paragraph 46 is not directed toward Defendants and therefore no answer is required.  To the extent an answer may be required, Defendants deny the same for lack of sufficient information.

51.    As to Paragraph 47, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

52.    As to Paragraph 48, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

53.    As to Paragraph 49, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

54.    As to Paragraph 50, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

55.    As to Paragraph 51, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

56.    As to Paragraph 52, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

57.    As to Paragraph 53, Defendants admit that all inmates receive a suicide prevention awareness flyer during the intake and/or classification process.

58.    As to Paragraph 54, Defendants are without sufficient information to admit or deny any remaining allegations and therefore deny the same.

59.    As to Paragraph 55, Defendants are without sufficient information to admit or deny any remaining allegations and therefore deny the same.

60.    As to Paragraph 56, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

61.    As to Paragraph 57, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

62.    As to Paragraph 58, Defendants admit that Defendant Marsland reviewed Chavez's classification documentation for purposes of completing the classification process. Defendants are without sufficient information to admit or deny any remaining allegations and therefore deny the same.

63.    Defendants deny the allegations contained in Paragraph 59.

64.    Defendants deny the allegations contained in Paragraph 60.

65.    Defendnats deny the allegations contained in Paragraph 61.

66.    Defendants deny the allegations contained in Paragraph 62.

67.    As to Paragraph 63, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

68.    Defendants deny the allegations contained in Paragraph 64.

69.   Defendants deny the allegations contained in Paragraph 65.

70.   Defendants deny the allegations contained in Paragraph 66.

71.   Defendants deny the allegations contained in Paragraph 67.

72.   Defendants deny the allegations contained in Paragraph 68.

73.   Defendants deny the allegations contained in Paragraph 69.

74.   Defendants deny the allegations contained in Paragraph 70.

75.   Defendants deny the allegations contained in Paragraph 71.

76.   Defendants deny the allegations contained in Paragraph 72.

77.   Defendnats deny the allegations contained in Paragraph 73.

78.   As to Paragraph 74, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

79.   As to Paragraph 75, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

80.   As to Paragraph 76, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

81.   As to Paragraph 77, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

82.   As to Paragraph 78, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

83.   As to Paragraph 79, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

84.   As to Paragraph 80, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

85.   As to Paragraph 81, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

86.   As to Paragraph 82, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

87.   As to Paragraph 83, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

88.    Defendants deny the allegations contained in Paragraph 84.

89.   As to Paragraph 85, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

90.   As to Paragraph 86, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

91.   As to Paragraph 87, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

**SECOND SUICIDE ATTEMPT AND SUBSEQUENT DEATH**

92.   Defendants incorporate their answers to Paragraphs 1-91 above as though fully set forth herein.

93.   As to Paragraph 88, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

94.    Paragraph 89 contains no allegations.  To the extent an answer may be required, Defendants deny the same for lack of sufficient information.

95.    Defendants deny the motive asserted in Paragraph 90.  Defendants are without sufficient information to admit or deny any remaining allegations and therefore deny the same.

96.   Defendants deny the allegations contained in Paragraph 91.

97. As to Paragraph 92, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

98. As to Paragraph 93, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

99. As to Paragraph 94, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

100. Defendants admit Chavez died on August 12, 2022.

## FAILURE TO ASSESS, CLASSIFY, AND MONITOR

101. Defendants incorporate their answers to Paragraphs 1-100 above as though fully set forth herein.

102. Defendants deny the allegations contained in Paragraph 96.

103. Defendants deny the allegations contained in Paragraph 97.

104. As to Paragraph 98, Defendants admit that Sheriff Sheridan is charged with the duties and responsibilities as required under A.R.S. § 11-441, et seq. Defendants are without sufficient information to admit or deny any remaining allegations and therefore deny the same.

105. As to Paragraph 99, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

106. Defendants deny the allegations contained in Paragraph 100.

107. Defendants deny the allegations contained in Paragraph 101.

108. Defendants deny the allegations contained in Paragraph 102.

109. As to Paragraph 103, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

110. Defendants deny the allegations contained in Paragraph 104.

111. As to Paragraph 105, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

112. As to Paragraph 106, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

113. Defendants deny the allegations contained in Paragraph 107.

114. Defendants deny the allegations contained in Paragraph 108.

115. As to Paragraph 109, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

116. As to Paragraph 110, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

117. As to Paragraph 111, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

118. As to Paragraph 112, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

119. As to Paragraph 113, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

120. Defendants deny the allegations contained in Paragraph 114.

121. As to Paragraph 115, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

122. As to Paragraph 116, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

123. As to Paragraph 117, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

124. As to Paragraph 118, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

125. As to Paragraph 119, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

126. As to Paragraph 120, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

127. Defendants deny the allegations contained in Paragraph 121.

128. Defendants deny the allegations contained in Paragraph 122.

129. Defendants deny the allegations contained in Paragraph 123.

130. As to Paragraph 124, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

131. As to Paragraph 125, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

132. As to Paragraph 126, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

133. Defendants admit proper headcounts were performed.

134. Defendants deny the allegations contained in Paragraph 128.

135. As to Paragraph 129, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

136. As to Paragraph 130, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

137. As to Paragraph 131, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

138. As to Paragraph 132, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

139. Defendants deny the allegations contained in Paragraph 133.

140. As to Paragraph 134, Defendants admit that records exist indicating that security walks were conducted.  Defendants are without sufficient information to admit or deny any remaining allegations and therefore deny the same.

141. As to Paragraph 135, Defendants admit that on specific documents the entry for 1800 is blank.

142. Defendants deny the allegations contained in Paragraph 136.

143. As to Paragraph 137, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

144. Defendants deny the allegations contained in Paragraph 138.

145. As to Paragraph 139, Defendants admit that MCSO records exist documenting various activities, including security walks and observations.  Defendants are without sufficient information to admit or deny any remaining allegations and therefore deny the same.

146. Defendants deny the allegations contained in Paragraph 140.

147. As to Paragraph 141, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

148. As to Paragraph 142, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

149. As to Paragraph 143, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

150. As to Paragraph 144, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

151. Paragraph 145 is not directed toward Defendants and therefore no answer is required.  To the extent an answer may be required, Defendants deny the same for lack of sufficient information.

152. As to Paragraph 146, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

153. Paragraph 147 contains no allegations. To the extent an answer may be required, Defendants deny the same for lack of sufficient information.

154. Paragraph 148 contains no allegations. To the extent an answer may be required, Defendants deny the same for lack of sufficient information.

155. Paragraph 149 contains no allegations. To the extent an answer may be required, Defendants deny the same for lack of sufficient information.

156. As to Paragraph 150, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

157. As to Paragraph 151, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

158. Defendants deny the allegations contained in Paragraph 152.

159. Paragraph 153 contains no allegations. To the extent an answer may be required, Defendants deny the same for lack of sufficient information.

160. Defendants deny the allegations contained in Paragraph 154.

161. Defendants deny the allegations contained in Paragraph 155.

162. As to Paragraph 156, Defendants admit that Sheriff Sheridan has the responsibilities and duties imposed upon him by A.R.S. § 11-441, et seq. Defendants are without sufficient information to admit or deny the allegations and therefore deny the same. To the extent there are allegations related to training, hiring or supervision construed within Paragraph 156, such claims were dismissed from this action and no response is required.[4]

163. Defendants deny the allegations contained in Paragraph 157.

164. Defendants deny the allegations contained in Paragraph 158.

165. Defendants deny the allegations contained in Paragraph 159.

166. Defendants deny the allegations contained in Paragraph 160.

167. Defendants deny the allegations contained in Paragraph 161.

168. As to Paragraph 162, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

169. As to Paragraph 163, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

170. As to Paragraph 164, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

171. As to Paragraph 165, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

172. As to Paragraph 166, Defendants admit all inmates are provided with a Suicide Prevention/Awareness pamphlet. Defendants deny Chavez was re-classified from psychiatric to general population or that he was "thrown out" to deal with his withdrawal symptoms with no help.

---

[4] *See* Doc. 49.

173. As to Paragraph 167, Defendants deny their actions violated any constitutional rights, federal or state.

**MARICOPA AND MCSO HAVE AN ASTONISHINGLY HIGH DEATH RATE**

174. Defendants incorporate their answers to Paragraphs 1-167 above as though fully set forth herein.

175. As to Paragraph 168, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

176. As to Paragraph 169, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

177. As to Paragraph 170, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

178. As to Paragraph 171, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

179. As to Paragraph 172, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

180. As to Paragraph 173, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

181. As to Paragraph 174, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

182. As to Paragraph 175, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

183. As to Paragraph 176, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

184. As to Paragraph 177, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

185. As to Paragraph 178, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

186. As to Paragraph 179, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

187. As to Paragraph 180, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

188. As to Paragraph 181, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

189. As to Paragraph 182, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

190. As to Paragraph 183, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

## COUNT I

### Violation of Civil Rights Under the Fourteenth Amendment and 42 U.S.C. § 1983

*(Against Struble, Moody, Dimas, Park, Magat, Hawkins, Montano, Dailey, Martin, Hertig, Chester, Espinosa, Rainey, and Marsland)[5]*

191. Defendants incorporate their answers to Paragraphs 1-183 above as though fully set forth herein.

192. Paragraph 184 contains no allegations. To the extent any allegations are construed, Defendants deny the same.

---

[55] Both Maricopa County and Defendant Crutchfield were dismissed from this Count. *See* Doc. 49.

193. As to Paragraph 185, Defendants admit the Fourteenth Amendment of the United States Constitution applies to Plaintiff's SAC. To the extent there are allegations of wrongdoing construed in Paragraph 185, Defendants deny the same.

194. Defendants admit the allegations contained in Paragraph 186.

195. As to Paragraph 187, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

196. As to Paragraph 188, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

197. As to Paragraph 189, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

198. As to Paragraph 190, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

199. As to Paragraph 191, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

200. Defendants deny the allegations contained in Paragraph 192.

201. Defendants deny the allegations contained in Paragraph 193.

202. Defendants deny the allegations contained in Paragraph 194.

203. Defendants deny the allegations contained in Paragraph 195.

204. Defendants deny the allegations contained in Paragraph 196.

205. Defendants deny the allegations contained in Paragraph 197.

## COUNT II

### Negligence and Gross Negligence

206. Defendants incorporate their answers to Paragraphs 1-197 above as though fully set forth herein.

207. Paragraph 198 contains no allegations.  To the extent any allegations are construed, Defendants deny the same.

208. As to Paragraph 199, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

209. As to Paragraph 200, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

210. As to Paragraph 201, Maricopa County is not a defendant in this matter.  Therefore, no answer is required.

211. Defendants deny the allegations contained in Paragraph 202.

212. Defendants deny the allegations contained in Paragraph 203.

213. Defendants deny the allegations contained in Paragraph 204.

214. Defendants deny the allegations contained in Paragraph 205.

215. Defendants deny the allegations contained in Paragraph 206.

216. Defendants deny the allegations contained in Paragraph 207.

217. Defendants deny the allegations contained in Paragraph 208.

218. Defendants deny the allegations contained in Paragraph 209.

219. As to Paragraph 210, Maricopa County is not a defendant to this action, therefore no response is required.

220. Defendants deny the allegations contained in Paragraph 211.

221. Defendants deny the allegations contained in Paragraph 212.

222. Defendants deny the allegations contained in Paragraph 213.

223. Defendants deny the allegations contained in Paragraph 214.

224. As to Paragraph 215, Defendants deny that Skinner is now Sheriff. Defendants are without sufficient information to admit or deny any remaining allegations and therefore deny the same.

225. Defendants deny the allegations contained in Paragraph 216.

226. Defendants deny the allegations contained in Paragraph 217.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, of the Federal Rules of Civil Procedure, Defendants demand a jury trial on all issues so triable.

## DEFENSES AND AFFIRMATIVE DEFENSES

Having fully answered Plaintiff's SAC, Defendants assert the following affirmative defenses:

A. Plaintiffs' SAC fails to state a claim upon which relief can be granted.

B. Defendants assert that the Plaintiff has failed to mitigate his Damages.

C. Defendants did not have a duty to provide housing completely void of opportunities for an inmate to commit suicide. *See e.g. Maricopa County v. Cowart,* 106 Ariz. 69 (1970).

D. Plaintiffs' claims are subject to the limitations contained in any and all federal and/or state laws which may govern this action.

E. Plaintiffs cannot demonstrate that any deprivation of constitutional rights occurred because of any deliberate acts or omissions on the part of Defendants, and, thus, Plaintiffs cannot demonstrate that any deliberate acts or omissions on the part of Defendants establish liability on the part of Defendants. Further, Plaintiffs cannot establish that any deliberate acts or omissions on the part of Defendants proximately caused their alleged damages.

F. Plaintiffs' and/or Alexander Chavez's damages and/or injuries, if any, which Defendants deny, were caused in whole or in part by Plaintiffs' and/or Alexander

Chavez's comparative/contributory negligence, thereby reducing or barring any recovery pursuant to A.R.S. §§ 12-2505, 2506.

G.    Neither Defendant Sheridan nor Defendant Penzone is responsible for providing, managing, or supervising healthcare services of inmates under Arizona law. Ariz.Rev.Stat. § 11-441(A)(5); Ariz. Rev.Stat. § 31-101.

H.    Defendants owed no legal duty to Plaintiffs or Decedent regarding the circumstances complained of in the SAC.

I.    Defendants did not breach duty owed Plaintiffs or Decedent regarding the circumstances complained of in the SAC.

J.    Any alleged injuries and/or alleged damages to Plaintiffs or Decedent were not proximately caused by any wrongful act or omission of Defendants.

K.    Plaintiffs cannot establish that Defendants are the proximate cause of Plaintiffs' damages.

L.    Plaintiffs failed to mitigate their damages.

M.    Defendants' actions were not negligent, grossly negligent, reckless, intentional, willful, or wanton and they were acting reasonably, in good faith, without malice, and based upon legal process, probable cause and/or reasonable suspicion, with reasonable belief as to the legality of relevant matters.

N.    Defendants did not act with a purpose to harm or with deliberate indifference to the rights of anyone, including Plaintiffs or Decedent, for reasons unrelated to legitimate law enforcement objectives.

O.    Defendants affirmatively allege that other affirmative defenses may come to light as this case progresses.  Accordingly, Defendants affirmatively allege those affirmative defenses contained in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure as well as any other affirmative defenses that may become applicable pursuant to discovery, including: failure to join a necessary and proper party; insufficiency of service of process; lack of service; assumption of the risk; estoppel; laches; fraud;

illegality; lack of respondeat superior; spoilation; statute of limitations; waiver; acquiescence; unclean hands; statutory and state/federal constitutional defenses to punitive damages; contributory negligence; comparative fault; qualified immunity; absolute immunity; and any other matter which constitutes an avoidance or affirmative defense which further discovery may demonstrate to be applicable.

P.       Defendants allege all affirmative defenses listed in the Arizona Rules of Civil Procedure, Rules 8(c) and 12(b), were applicable, as well as any other affirmative defenses that may come to light during discovery, including but not limited to: failure to join responsible parties, assumption of risk, insufficiency of process, insufficiency of service of process, absolute and qualified immunity, estoppel, laches, statute of limitations, waiver, lack of *respondeat superior*, contributory negligence, comparative negligence, non-parties at fault, failure to exhaust administrative remedies, and any other matter which constitutes an avoidance or affirmative defense.

Q.       Defendants have not knowingly or intentionally waived any applicable defenses or affirmative defenses.  If it appears that any defense or affirmative defense is or may be applicable after Defendants have had the opportunity to conduct reasonable discovery in this matter, Defendants will assert such defenses or affirmative defenses in accordance with the Federal Rules of Civil Procedure.

R.       A.R.S. § 14-3110 bars Plaintiffs' claims for alleged pain and suffering damages and/or other alleged hedonic damages.

S.       Plaintiffs are not entitled to punitive damages as a matter of law.

T.       A.R.S. § 12-820.04 bars recovery of punitive damages.

U.       At all times herein mentioned, Defendants acted in good faith and with reasonable belief as to the legality of things and matters attributed to Defendants, and that as a consequence thereof, no liability should or can be imposed on Defendants pursuant to the doctrine of qualified immunity.

V.    The damages, if any, sustained by Plaintiffs were proximately caused by Plaintiffs, decedent, or other persons, whether named as parties herein or not, and such persons were not within the care, custody or control of Defendants.

W.    Defendants are entitled to absolute and/or qualified immunity under Federal and/or State law.

Wherefore, having fully answered the Second Amended Complaint, Defendants hereby requests the following relief:

1. That this action be dismissed in its entirety, with Plaintiffs taking nothing;

2. For the costs and attorneys' fees incurred herein; and

3. For such other relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 28th day of August 2025.

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By */s/ Courtney R. Glynn*
COURTNEY R. GLYNN
Deputy County Attorneys
*Attorneys for Struble, Crutchfield, Dimas, Hawkins, Hertig, Martin, Montano, Moody, Park, Smith, Chester, Rainey, Marsland, Magat, Dailey, Maricopa County Sheriff Jerry Sheridan, and former Maricopa County Sheriff Paul Penzone*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2025, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system.

/s/ R.S.

S:\CIVIL\CIV\Matters\CJ\2023\Ruiz v. MC, et al. 2023-0228\Pleadings\Defendants Answer to SAC 08 28 25.docx

-24-