RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

BY: COURTNEY R. GLYNN (023155)
Deputy County Attorneys
glynnc@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4316
MCAO Firm No. 00032000

*Attorneys for Maricopa County, Struble, Crutchfield, Dimas, Hawkins, Hertig, Martin, Montano, Moody, Park, Smith, Chester, Rainey, Marsland, Magat, Dailey, Maricopa County Sheriff Jerry Sheridan, and former Maricopa County Sheriff Paul Penzone*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Morales Ruiz, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>Maricopa County of, et al.,<br><br>Defendants. | NO. CV-23-02482-PHX-SRB (DMF)<br><br>**DEFENDANT MARICOPA COUNTY'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendant Maricopa County ("The County") answers Plaintiffs' Second Amended Complaint ("SAC") by denying every allegation therein except as otherwise admitted or qualified as follows[1]:

### INTRODUCTION

1. The County denies the allegations in Paragraph 1 for lack of sufficient information.

2. The County admits that Alexander Chavez was booked into the Lower Buckeye Jail. The County denies any remaining allegations in Paragraph 2 for lack of sufficient information.

---

[1] On August 14, 2025, the Court dismissed Count I as to Defendant Crutchfield, Count II as against Defendant Maricopa County, and Counts III and IV in whole. On October 15, 2025, the Court, upon reconsideration, reinstated Defendant Maricopa County as to County II only. (Doc. 59).

3. Paragraph 3 is not directed toward the County and therefore no answer is required. To the extent an answer may be required, the County denies the same for lack of sufficient information.

4. Paragraph 4 is not directed toward the County and therefore no answer is required. To the extent an answer may be required, the County denies the same for lack of sufficient information.

5. Paragraph 5 is admitted.

6. As to Paragraph 6, the County admits Mr. Chavez was booked into Maricopa County Jails on August 5, 2022. The County further admits that he was later transported to the hospital on August 8, 2022. The County denies the remaining allegations contained in Paragraph 6.

7. The County admits that Mr. Chavez died on August 12, 2022. The County denies any remaining allegations contained in Paragraph 7.

## THE PARTIES

8. The County incorporates its answers to Paragraphs 1 - 7 above as though fully set forth herein.

9. As to Paragraph 8, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegation and, therefore, denies the same.

10. As to Paragraph 9, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegation and, therefore, denies the same.

11. As to Paragraph 10, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegation and, therefore, denies the same.

12. As to Paragraph 11, the County admits that it is a governmental entity. The County denies that Defendants Chester, Rainey, Marsland, and Espinosa were or are CHS employees but were, at all times relevant to Plaintiffs' SAC, employees of the Maricopa County Sheriff's Office.

13. As to Paragraph 12, the County denies that CHS is a defendant and denies that CHS is a governmental entity. The County admits that Crutchfield and Struble are Defendants and employed with CHS.

14. As to Paragraphs 13 - 26 of Plaintiff's SAC, the County lacks sufficient knowledge or information to form a belief as to the truth of the allegation and, therefore, denies the same.

15. As to Paragraph 27, the County admits that Defendant Crutchfield was employed with Correctional Health Services as the Medical Director and was operating in such capacity at all times relevant to the SAC.

16. As to Paragraph 28, the County admits that Defendant Struble is employed with Correctional Health Services as the Director of CHS and was operating in such capacity at all times relevant to the SAC.

17. As to Paragraph 29, the County is without sufficient information to admit or deny the allegations and therefore deny the same.

18. As to Paragraph 30, the County admits it may be vicariously liable for the acts of CHS employees. The County denies any remaining allegations contained in Paragraph 30.

19. As to Paragraph 31, the County is without sufficient information to admit or deny the allegations and therefore denies the same.

## JURISDICTION AND VENUE

20. The County incorporates its answers to Paragraphs 1 - 31 above as though fully set forth herein.

21. As to Paragraph 32, the County admits jurisdiction is proper. The County denies violations of any applicable laws.

22. Paragraph 33 is admitted.

23. As to Paragraph 34, the County lacks sufficient information to either admit or deny the allegations and therefore denies the same.

24. As to Paragraph 35, the County admits jurisdiction is proper.

25. As to Paragraph 36, the County admits venue is proper.

## FACTUAL ALLEGATIONS

26. The County incorporates its answers to Paragraphs 1 - 36 above as though fully set forth herein.

27. As to Paragraph 37, the County denies that Chavez was classified with a sub-classification of "Psychiatric" during the intake process.

28. Paragraph 38 is not directed toward the County and therefore no answer is required. To the extent an answer may be required, the County denies the same for lack of sufficient information.

29. Paragraph 39 is not directed toward the County and therefore no answer is required. To the extent an answer may be required, the County denies the same for lack of sufficient information.

30. The County denies the allegations contained in Paragraph 40 of the SAC.

### FIRST SUICIDE ATTEMPT

31. The County incorporates its answers to Paragraphs 1 - 40 above as though fully set forth herein.

32. As to Paragraph 41, the County admits Chavez was found to have ingested Fentanyl pills and that approximately 250 Fentanyl pills were found on his person. The County is without sufficient information to admit or deny any remaining allegations and therefore denies the same.

33. Paragraphs 42 - 58 of Plaintiffs' SAC are not directed toward the County and therefore no answer is required. To the extent an answer may be required, the County denies the same for lack of sufficient information.

34. The County denies the allegations contained in Paragraphs 59 - 62 of Plaintiffs' SAC.

35. As to Paragraph 63, the County is without sufficient information to admit or deny the allegations and therefore denies the same.

36. The County denies the allegations contained in Paragraphs 64 - 73 of Plaintiffs' SAC.

37. As to Paragraph 74, the County is without sufficient information to admit or deny the allegations and therefore denies the same.

38. As to Paragraphs 75 - 83 of Plaintiffs' SAC, the County is without sufficient information to admit or deny the allegations and therefore denies the same.

39. The County denies the allegations contained in Paragraph 84.

40. As to Paragraphs 85 - 87, the County is without sufficient information to admit or deny the allegations and therefore denies the same.

### SECOND SUICIDE ATTEMPT AND SUBSEQUENT DEATH

41. The County incorporates its answers to Paragraphs 1 - 87 above as though fully set forth herein.

42. As to Paragraph 88, the County is without sufficient information to admit or deny the allegations and therefore denies the same.

43. Paragraph 89 contains no allegations. To the extent an answer may be required, the County denies the same for lack of sufficient information.

44. The County denies the motive asserted in Paragraph 90. The County is without sufficient information to admit or deny any remaining allegations and therefore denies the same.

45. The County denies the allegations contained in Paragraph 91.

46. As to Paragraphs 92 - 94, the County is without sufficient information to admit or deny the allegations and therefore denies the same.

47. The County admits Chavez died on August 12, 2022.

### FAILURE TO ASSESS, CLASSIFY, AND MONITOR

48. The County incorporates its answers to Paragraphs 1 - 95 above as though fully set forth herein.

49. The County denies the allegations contained in Paragraphs 96 - 97 of Plaintiffs' SAC.

50. Paragraph 98 is not directed toward the County and therefore no answer is required. To the extent an answer may be required, the County denies the same for lack of sufficient information.

51. As to Paragraph 99, the County is without sufficient information to admit or deny the allegations and therefore denies the same.

52. The County denies the allegations contained in Paragraphs 100 - 102 of Plaintiffs' SAC.

53. As to Paragraph 103, the County is without sufficient information to admit or deny the allegations and therefore denies the same.

54. The County denies the allegations contained in Paragraph 104.

55. As to Paragraphs 105 - 106, the County is without sufficient information to admit or deny the allegations and therefore denies the same.

56. The County denies the allegations contained in Paragraph 107.

57. Paragraphs 108 - 146 are not directed toward the County and therefore no answer is required. To the extent an answer may be required, the County denies the same for lack of sufficient information.

58. Paragraphs 147 - 149 contain no allegations. To the extent an answer may be required, the County denies the same for lack of sufficient information.

59. As to Paragraph 150, the County is without sufficient information to admit or deny the allegations and therefore denies the same.

60. The County denies the allegations contained in Paragraphs 151 - 152.

61. Paragraph 153 contains no allegations. To the extent an answer may be required, the County denies the same for lack of sufficient information.

62. The County denies the allegations contained in Paragraphs 154 - 155.

63. Paragraph 156 is not directed toward the County and therefore no answer is required. To the extent an answer may be required, the County denies the same for lack of sufficient information.

64. The County denies the allegations contained in Paragraphs 157 - 161.

65. As to Paragraphs 162 - 165, the County is without sufficient information to admit or deny the allegations and therefore denies the same.

66. Paragraph 166 is not directed toward the County and therefore no answer is required. To the extent an answer may be required, the County denies the same for lack of sufficient information.

67. As to Paragraph 167, the County denies its actions violated any constitutional rights, federal or state.

**MARICOPA AND MCSO HAVE AN ASTONISHINGLY HIGH DEATH RATE**

68. The County incorporates its answers to Paragraphs 1 - 167 above as though fully set forth herein.

69. As to Paragraphs 168 - 183, the County is without sufficient information to admit or deny the allegations and therefore denies the same.

## COUNT II[2]

### Negligence and Gross Negligence

70. The County incorporates its answers to Paragraphs 1-183 above as though fully set forth herein.

71. Paragraph 198 contains no allegations. To the extent any allegations are construed, the County denies the same.

72. As to Paragraphs 199 - 201, the County is without sufficient information to admit or deny the allegations and therefore denies the same.

73. The County denies the allegations contained in Paragraphs 202 - 209.

74. As to Paragraph 210, the County admits that it may be liable for the acts or omissions of certain employees. The County denies that it is liable for the acts or omissions of the Maricopa County Sheriff and/or his employees.

75. The County denies the allegations contained in Paragraphs 211 - 214.

76. Paragraph 215 is not directed toward the County and therefore no answer is required. To the extent an answer may be required, the County denies the same for lack of sufficient information.

77. The County denies the allegations contained in Paragraphs 216 - 217.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38, of the Federal Rules of Civil Procedure, Defendants demand a jury trial on all issues so triable.

---

[2] Only Count II of Plaintiffs' SAC applies to Defendant Maricopa County. (Doc. 59).

**DEFENSES AND AFFIRMATIVE DEFENSES**

Having fully answered Plaintiff's SAC, the County asserts the following affirmative defenses:

A. Plaintiffs' SAC fails to state a claim upon which relief can be granted.

B. Defendants assert that the Plaintiffs have failed to mitigate their damages.

C. Defendants did not have a duty to provide housing completely void of opportunities for an inmate to commit suicide. *See e.g. Maricopa County v. Cowart,* 106 Ariz. 69 (1970).

D. Plaintiffs' claims are subject to the limitations contained in any and all federal and/or state laws which may govern this action.

E. Plaintiffs cannot demonstrate that any deprivation of constitutional rights occurred because of any deliberate acts or omissions on the part of Defendants, and, thus, Plaintiffs cannot demonstrate that any deliberate acts or omissions on the part of Defendants establish liability on the part of Defendants. Further, Plaintiffs cannot establish that any deliberate acts or omissions on the part of Defendants proximately caused their alleged damages.

F. Plaintiffs' and/or Alexander Chavez's damages and/or injuries, if any, which Defendants deny, were caused in whole or in part by Plaintiffs' and/or Alexander Chavez's comparative/contributory negligence, thereby reducing or barring any recovery pursuant to A.R.S. §§ 12-2505, 2506.

G. Neither Defendant Sheridan nor Defendant Penzone is responsible for providing, managing, or supervising healthcare services of inmates under Arizona law. Ariz.Rev.Stat. § 11-441(A)(5); Ariz. Rev.Stat. § 31-101.

H. Defendants owed no legal duty to Plaintiffs or Decedent regarding the circumstances complained of in the SAC.

I. Defendants did not breach duty owed Plaintiffs or Decedent regarding the circumstances complained of in the SAC.

J. Any alleged injuries and/or alleged damages to Plaintiffs or Decedent were not proximately caused by any wrongful act or omission of Defendants.

K.  Plaintiffs cannot establish that Defendants are the proximate cause of Plaintiffs' damages.

L.  Defendants' actions were not negligent, grossly negligent, reckless, intentional, willful, or wanton and they were acting reasonably, in good faith, without malice, and based upon legal process, probable cause and/or reasonable suspicion, with reasonable belief as to the legality of relevant matters.

M.  Defendants did not act with a purpose to harm or with deliberate indifference to the rights of anyone, including Plaintiffs or Decedent, for reasons unrelated to legitimate law enforcement objectives.

N.  Defendants affirmatively allege that other affirmative defenses may come to light as this case progresses. Accordingly, Defendants affirmatively allege those affirmative defenses contained in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure as well as any other affirmative defenses that may become applicable pursuant to discovery, including: failure to join a necessary and proper party; insufficiency of service of process; lack of service; assumption of the risk; estoppel; laches; fraud; illegality; lack of respondeat superior; spoilation; statute of limitations; waiver; acquiescence; unclean hands; statutory and state/federal constitutional defenses to punitive damages; contributory negligence; comparative fault; qualified immunity; absolute immunity; and any other matter which constitutes an avoidance or affirmative defense which further discovery may demonstrate to be applicable.

O.  Defendants allege all affirmative defenses listed in the Arizona Rules of Civil Procedure, Rules 8(c) and 12(b), were applicable, as well as any other affirmative defenses that may come to light during discovery, including but not limited to: failure to join responsible parties, assumption of risk, insufficiency of process, insufficiency of service of process, absolute and qualified immunity, estoppel, laches, statute of limitations, waiver, lack of *respondeat superior*, contributory negligence, comparative negligence, non-parties at fault, failure to exhaust administrative remedies, and any other matter which constitutes an avoidance or affirmative defense.

P.  Defendants have not knowingly or intentionally waived any applicable defenses or affirmative defenses. If it appears that any defense or affirmative defense is or may be applicable after Defendants have had the opportunity to conduct reasonable discovery in this matter, Defendants will assert such defenses or affirmative defenses in accordance with the Federal Rules of Civil Procedure.

Q.  A.R.S. § 14-3110 bars Plaintiffs' claims for alleged pain and suffering damages and/or other alleged hedonic damages.

R.  Plaintiffs are not entitled to punitive damages as a matter of law.

S.  A.R.S. § 12-820.04 bars recovery of punitive damages.

T.  At all times herein mentioned, Defendants acted in good faith and with reasonable belief as to the legality of things and matters attributed to Defendants, and that as a consequence thereof, no liability should or can be imposed on Defendants pursuant to the doctrine of qualified immunity.

U.  The damages, if any, sustained by Plaintiffs were proximately caused by Plaintiffs, decedent, or other persons, whether named as parties herein or not, and such persons were not within the care, custody or control of Defendants.

V.  Defendants are entitled to absolute and/or qualified immunity under Federal and/or State law.

W.  The County is not liable for the acts or omissions of the Maricopa County Sheriff and/or his employees. *Sanchez v. Maricopa Cnty.*, 572 P.3d 101 (Ariz. 2025).

Wherefore, having fully answered the Second Amended Complaint, Defendants hereby requests the following relief:

1. That this action be dismissed in its entirety, with Plaintiffs taking nothing;

2. For the costs and attorneys' fees incurred herein; and

3. For such other relief as this Court deems just and proper.

. . .

. . .

. . .

**RESPECTFULLY SUBMITTED** this 13th day of November 2025.

        RACHEL H. MITCHELL
        MARICOPA COUNTY ATTORNEY

    By /s/ *Courtney R. Glynn*
        COURTNEY R. GLYNN
        Deputy County Attorneys
        *Attorneys for Maricopa County, Struble, Crutchfield, Dimas, Hawkins, Hertig, Martin, Montano, Moody, Park, Smith, Chester, Rainey, Marsland, Magat, Dailey, Maricopa County Sheriff Jerry Sheridan, and former Maricopa County Sheriff Paul Penzone*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2025, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system.

/s/ R.S.
S:\CIVIL\CIV\Matters\CJ\2023\Ruiz v. MC, et al. 2023-0228\Pleadings\Maricopa County Answer SAC 111325.docx